UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALVIN A. RIVERS,<br><br>                              Plaintiff,<br><br>           -against-<br><br>VERIZON COMMUNICATION OF NEW YORK and FEDERAL COMMUNICATION COMMISSION,<br><br>                              Defendants. | 19 Civ. 11554 (PAE)<br><br>ORDER OF SERVICE |

PAUL A. ENGELMAYER, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq*.; 42 U.S.C. § 1983; and state law, alleging that defendants violated his rights. By order dated January 21, 2020, the Court granted plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Dkt. 4.

      Because plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (explaining that the court must order service by the U.S. Marshals Service if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding

that it is plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the *pro se* [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow plaintiff to effect service on defendant Verizon Communication of New York ("Verizon") through the U.S. Marshals Service, the Clerk of Court is instructed to complete a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. For service on defendant Federal Communications Commission ("FCC"), the Clerk of Court is further instructed to: (1) complete a USM-285 form for the FCC; and (2) mark the box on the USM-285 form labeled "Check for service on U.S.A." The Clerk of Court is also directed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to plaintiff, together with an information package.

The Clerk of Court is further instructed to (1) complete the USM-285 forms with the addresses for Verizon and the FCC; (2) mark the box on the USM-285 form for the FCC labeled

"Check for service on U.S.A."; and (3) deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: January 24, 2020
New York, New York

**DEFENDANTS AND SERVICE ADDRESSES**

1. Verizon Communication of New York"
   140 West Street
   New York, New York 10007

2. Federal Communications Commission
   445 12 Street SW
   Washington D.C. 20554