UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALVIN A. RIVERS,

                                        Plaintiff,

                    -v-

VERIZON COMMUNICATION OF NEW YORK,
AND FEDERAL COMMUNICATION COMMISSION,

                                        Defendants.

19 Civ. 11554 (PAE) (GWG)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Defendants Version New York Inc. ("Verizon") and Federal Communication

Commission ("FCC") have moved to dismiss the complaint of *pro se* plaintiff Alvin Rivers, who

brings claims under the First and Fourteenth Amendments, 42 U.S.C. § 1983, the Americans

with Disabilities Act ("ADA"), New York's Telephone Fair Practices Act ("TFPA"), and New

York Public Service Law §§ 4, 66, 91, 92. *See* Dkt. 32 ("Am. Compl."). Before the Court is the

October 13, 2020 Report and Recommendation of the Hon. Gabriel W. Gorenstein

recommending that the Court grant both motions to dismiss and deny Rivers further leave to

amend his complaint. See Dkt. 45 ("Report"). For the reasons that follow, the Court adopts the

Report's recommendation to dismiss the Amended Complaint as to both defendants.

I.      **Background**

Rivers's claims relate to Verizon's migration from copper wire to FiOS and its plans to

terminate Rivers's current copper-based service. *See* Am. Compl. at 2. Rivers, who is elderly

and disabled, resisted Verizon's migration efforts out of fear that his medical alert system would

not function on FiOS or would require a battery to work. *See id.* The Court incorporates by

reference the Report's detailed summary of the facts and procedural history. *See* Report at 2–4.

In his Report, Judge Gorenstein provided instructions for Rivers to file objections to the Report by email. *See id.* at 15. A copy of the Report was mailed to Rivers on October 13, 2020. To date, the Court has not received any objections to the Report.

## II.     Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. UPS*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Gorenstein's well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. That includes its recommendation that dismissal of Rivers's claims without leave to amend, notwithstanding River's *pro se* status, given his prior opportunity to amend his complaint. *See* Report at 14–15.

Because the Report explicitly states that "the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections," and that if a party does not timely object, that "party will not be permitted to raise any objections to this Report and Recommendation on appeal," *id.* at 15, the parties' failure to object operates as a waiver of appellate review. *See, e.g., Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motions to dismiss in their entirety, and denies Rivers leave to further amend the complaint. The Clerk of Court is respectfully directed to terminate the motions pending at dockets 34 and 37 and close this case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: February 12, 2021
New York, New York